IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOYCE JONES                                                              PLAINTIFF

v.                              CIVIL NO. 18-5001

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                           DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Joyce Jones, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB), disabled widow's insurance benefits (DWB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on October 7, 2014, and her application for DWB on January 8, 2015, alleging an inability to work since June 12, 2014, due to chronic obstructive pulmonary disease; a trigger thumb, right hand; and a broken finger, left hand. (Tr. 22, 101, 103). An administrative hearing was held on June 7, 2016, at which Plaintiff appeared with counsel. (Tr. 462-487). With respect to the DWB application, Plaintiff's prescribed period began on February 10, 2010, the date the wage earner died. (Tr. 106).

By written decision dated September 23, 2016, the ALJ found Plaintiff is the unmarried widow of a deceased insured worker and attained the age of fifty. (Tr. 14). With respect to her DWB application, the ALJ found Plaintiff's prescribed period ended on January 31, 2015. (Tr. 15). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD), Dequervain's tenosynovitis, chronic rhinitis, mild osteoarthritis of the cervical spine, right carpal tunnel syndrome (CTS) without mention of thenar atrophy and right shoulder arthrosis. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she is limited to occasional pushing and/or pulling with her dominant right upper extremity and occasional right overhead reaching; and she must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a jewelry salesperson and weight reduction specialist. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 7, 2017. (Tr. 5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583

(8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 5th day of February 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE